UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEENA WESENBERG | CIVIL ACTION |
| VERSUS | NO: 14-1632 |
| NEW ORLEANS AIRPORT MOTEL ASSOCIATES TRS, LLC d/b/a DOUBLETREE BY HILTON NEW ORLEANS AND TRAVELERS INSURANCE COMPANY | SECTION: R(5) |

**ORDER AND REASONS**

Defendant Schindler Elevator Corporation moves the Court to dismiss plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(4) for insufficient process, Rule 12(b)(5) for insufficient service of process, and Rule 41(b) for failure to comply with a Court order. Because plaintiff's service of process was insufficient and the time period for effecting service of process has expired, the Court grants Schindler's motion under Rule 12(b)(5).

**I.    BACKGROUND**

On June 4, 2013, plaintiff Deena Wesenberg was injured while exiting a hotel elevator that allegedly was not flush with the floor. On June 5, 2014, Wesenberg sued the hotel's owner, New Orleans Airport Motel Associates TRS, LLC and its insurer, Travelers Insurance Company, in state court in Jefferson

Parish.[1] Wesenberg alleged that defendants were negligent in maintaining and inspecting the elevator and sought damages for pain and suffering, medical expenses, lost wages, and loss of enjoyment of life.[2] Defendants removed the case to this Court on July 15, 2014.[3]

On February 25, 2015, Wesenberg sought leave to amend her complaint by adding as a defendant Schindler Elevator Corporation ("Schindler"), a company that allegedly inspected and maintained the hotel's elevator system.[4] The Court granted leave, and Wesenberg filed her first amended complaint on March 11, 2015.[5] Wesenberg then waited nearly three months before attempting to effect service of process on the newly added defendant. On June 5, 2015, Wesenberg sent by registered mail a summons and a copy of her original and amended complaints to Schindler's agent for service of process, CT Corporation.[6] Wesenberg does not claim to have ever made or attempted

---

[1] R. Doc. 1-4 (Plaintiff's Petition for Damages in the Jefferson Parish Civil District Court).

[2] *Id.* at

[3] R. Doc. 1.

[4] R. Doc. 11.

[5] R. Doc. 14 (Plaintiff's First Amended Complaint).

[6] R. Doc. 18-2 at 2.

personal service of process on either Schindler or CT Corporation.[7]

On June 30, 2015, Schindler moved the Court to dismiss Wesenberg's claim against it under Federal Rule of Civil Procedure 12(b)(4) for insufficient process, Rule 12(b)(5) for insufficient service of process, and Rule 41(b) for failure to comply with a Court order. Wesenberg opposes the motion to dismiss on the ground that service by registered mail on Schindler's agent was sufficient under the applicable law.

## II.   LAW AND ANALYSIS

If a party is not validly served with process, proceedings against that party are void. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981). When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity. *Id.* "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir.1986).

Schlinder moves to dismiss Wesenberg's claims because Schindler is a corporation and Wesenberg has not served it with process in accordance with

---

[7] *See* R. Doc. 19 (

3

Rule 4(h). Under Rule 4(h)(1), a federal litigant has two options for serving a corporation within a judicial district of the United States. First, a competent person may serve a corporation according to the law of the state in which the district court is located. Fed.R.Civ.P. 4(h)(1)(A). Under Louisiana law, a corporation ordinarily must be served by personal process on its registered agent. La. Code Civ. Proc. Ann. art. 1261. In limited circumstances, personal service may be made on a corporate officer, a director, or an employee at a place of the corporation's business. *Id.* Here, Schindler states that it was served with a summons and the complaints by registered mail sent to its registered agent. Wesenberg does not dispute that she effected service of process by mail. Because Louisiana law requires personal service of a corporation's agent, service by mail is insufficient. Thus, Wesenberg's service on Schindler fell short of Rule 4(h)(1)(A)'s requirements.

Alternatively, under Rule 4(h)(1)(B), a corporation may be served by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Wesenberg argues that service was effective because the summons and complaint were "delivered" to Schindler's registered agent. Courts have consistently held, however, that Rule 4(h)(1)(B)'s delivery requirement refers to personal service, not service by

mail. *See Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000) (holding that service by mail was not delivery); *Technologists, Inc. v. MIR's Ltd.*, 725 F. Supp. 2d 120, 127 (D.D.C. 2010) (concluding that "service by mail does not satisfy the requirements of Rule 4(h)(1)(B)"); *Hazim v. Schiel & Denver Book Grp.*, No. CIV.A. H-12-1286, 2013 WL 2152109, at *2 (S.D. Tex. May 16, 2013) ("Courts have held that Rule 4(h)(1)(B) refers to personal service and does not include service by mail."); *Mettle v. First Union Nat. Bank*, 279 F. Supp. 2d 598, 602, 56 Fed. R. Serv. 3d 834 (D.N.J. 2003) (holding that certified mail service was not delivery). Because Wesenberg mailed the summons and complaints to CT Corporation, she failed to deliver process under Rule 4(h)(1)(B)'s requirements. In sum, Wesenberg's service of process on Schindler did not comply with either of the provisions of Rule 4(h)(1). Thus, Wesenberg's claims are subject to dismissal for insufficient service of process under Rule 12(b)(5).[8]

Rule 4(m) gives Wesenberg 120 days to serve Schindler. Wesenberg filed her First Amended Complaint naming Schindler as a defendant on March

---

[8] Wesenberg also argues that "process was sufficient because Defendant was effectively put on notice of the lawsuit." R. Doc. 19 at 3. This argument fails because actual notice is not a substitute for service of process. *See Ransom v. Brennan*, 437 F.2d 513, 519 (5th Cir. 1971). That Schindler may have been notified of the existence of this litigation does not overcome the defects in Wesenberg's attempted service under Rule 4(h).

11, 2015. More than 120 days have passed since then. Under Rule 4(m), a district court has two choices when a plaintiff fails to serve a defendant within a 120-day period: it may either "dismiss the action without prejudice . . . or direct that service be effected within a specified time." Fed. R. Civ. P. 4(m). If, however, the plaintiff shows good cause for the failure, the court must extend the time of service for an appropriate period. *Id.* Thus, the Court approaches Schindler's motion to dismiss in two steps. First, the Court must determine whether Wesenberg has demonstrated good cause for her failure to effect service of process in a timely manner. If good cause exists, then the Court must extend the time period for service of process. If good cause does not exist, the Court must then decide whether to dismiss Wesenberg's claim against Schindler without prejudice or extend the time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

The plaintiff has the burden of proving good cause for the failure to effect timely service. *See Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.,* 903 F.2d 1011, 1013 (5th Cir. 1990); *Steele v. Bayer Healthcare LLC*, No. CIV.A. 13-528, 2013 WL 5530214, at *1 (E.D. La. Oct. 2, 2013); *Jason v. Nugent*, No. CIV.A. 04-1722, 2005 WL 53301, at *3 (E.D. La. Jan. 7, 2005). To demonstrate good cause, a plaintiff must "make a showing of good faith and show some reasonable basis for noncompliance within the

time specified[.]" *Syst. Signs Supplies*, 903 F.2d at 1013 (quoting *Winters v. Teledyne*, 776 F .2d 1304, 1306 (5th Cir.1985)). Mere inadvertence, mistake of counsel, and ignorance of the rules cannot establish good cause. *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993). Here, Wesenberg's only argument against dismissal is that service by mail was sufficient; she makes no attempt to demonstrate good cause for her failure to serve Schindler according to the requirements of Rule 4(h). Federal litigants and their attorneys are expected to understand and to comply with the Federal Rules of Civil Procedure. That Wesenberg failed to grasp the requirements for serving a corporate defendant does not constitute good cause for a time extension.

Even if good cause is lacking, a district court may nevertheless extend the deadline for service of process by "direct[ing] that service be effected within a specified time." Fed. R. Civ. P. 4(m). "Such relief may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (quoting Fed.R.Civ.P. 4(m) advisory committee's note (1993)). Wesenberg has not briefed the statute of limitations issue; nor has she asked the Court for an extension of the time period for serving process. Wesenberg's silence is itself reason for the Court to decline to exercise its discretionary power in her favor.

7

*See Thompson*, 91 F.3d at 21-22 (holding that district court was not required to extend the time period for service when plaintiff admitted that good cause did not exist and failed to ask the court for an extension). In addition, the Court finds that Schindler made itself fully available to receive service of process in Louisiana by appointing CT Corporation as its agent for service of process. There is no evidence of evasiveness or trickery that might warrant granting Wesenberg an extension of time. The Court also finds that Schindler acted promptly to challenge the sufficiency of process. Wesenberg served process by mail on June 5, 2015, and Schindler filed the instant motion to dismiss on June 30, 2015. Schindler's quick action gave Wesenberg over a week before her 120 day deadline expired to cure the identified defect by effecting personal service of process on CT Corporation. Nonetheless, Wesenberg failed to take corrective action of any kind. Such conduct does not evidence a good faith effort to achieve proper service of process. *Cf. Zellner v. Signature Health Servs.--Mansfield, LLC*, No. 1:11-CV-2796, 2012 WL 5289584, at *2 (N.D. Ohio Oct. 25, 2012) (granting extension of time for service of process when plaintiff failed to demonstrate good cause but did demonstrate a good faith effort to comply with procedural rules). For all of these reasons, the Court concludes that an extension of service of process deadlines is not warranted. Because Wesenberg failed to effect timely service

of process, the Court grants Schindler's motion to dismiss.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Schindler's motion to dismiss for insufficiency of service of process. The dismissal is without prejudice to Wesenberg's right to refile against Schindler.

New Orleans, Louisiana, this 21st day of September, 2015.

_____Sarah Vance_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE